UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GUILLERMO & LEEANN GARCIA,<br><br>               Plaintiffs,<br><br>     v.<br><br>WACHOVIA CORPORATION,<br><br>               Defendant. | NO. CV-10-5146-EFS<br><br>**ORDER RULING ON OCTOBER 6, 2011-HEARD MOTIONS, ENTERING JUDGMENT, AND CLOSING FILE** |

On October 6, 2011, a telephonic hearing occurred in the above-captioned matter.[1] Plaintiff Guillermo Garcia participated.[2] Nicolas Vikstrom and Robert Bocko appeared on behalf of Defendant Wachovia Corporation, which the parties agree is now Wells Fargo. Before the Court were Plaintiffs' Motion to Recuse Judge Shea, ECF No. 55, Plaintiffs' Motion to Deny Defendant's Notice of Removal, ECF No. 58, and Wells Fargo's Motion to Dismiss, ECF No. 22. After hearing from Mr. Garcia and counsel, reviewing the submitted material, and considering the relevant authority, the Court was fully informed. For the reasons given below, the Court denies Plaintiffs' recusal motion, denies as moot

---

[1] This hearing also involved a related case, CV-11-5111-EFS; a separate Order will be entered in that case.

[2] Mr. Garcia advised that his wife LeeAnn Garcia was unable to participate because she was teaching.

ORDER ~ 1

Plaintiffs' removal-related motion, and grants and denies in part Wells Fargo's dismissal motion.

**A.  Recusal**

Plaintiffs ask the Court to recuse itself because it is prejudiced and biased as evidenced by the Court's failure to take action on Plaintiffs' Request for an Injunction, ECF No. 1-1 Ex. A at 8-10. As the Court previously advised Plaintiffs on May 19, 2011, recusal is necessary if a party files a "timely and sufficient affidavit [establishing] that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." ECF No. 32 (quoting 28 U.S.C. § 144).  Four months after entry of the prior Order, Plaintiffs file the instant recusal motion.  Although the motion is supported by an affidavit, the Court finds that recusal is not necessary.  The Court has no personal bias or prejudice either against Plaintiffs or in favor of Wells Fargo: nor is there an appearance of such bias or prejudice.  The Court has not taken action on Plaintiffs' Request for an Injunction because Plaintiffs had not yet filed a notice setting hearing on the request as is required by the Local Rule 7.1(h):  a requirement that the Court brought to Plaintiffs' attention on two prior occasions, ECF Nos. 10 & 32.  The Court recognizes that handling a federal lawsuit is difficult for individuals with no legal education; however, the Court brought the notice-of-hearing requirement to Plaintiffs attention on two occasions and Plaintiffs, who had never received a court order granting an injunction and who had learned in approximately June 2011 that no injunction had been entered, did not thereafter file a notice setting a hearing on their injunction request.

ORDER ~ 2

Accordingly, because no grounds for recusal exist, the Court denies Plaintiffs' motion.

**B.   Removal**

On September 29, 2011, Plaintiffs filed their Motion to Deny Defendant's Notice of Removal, ECF No. 58. Although this document bears the number CV-10-5146-EFS, Plaintiffs' motion is directed to the events in CV-11-5111-EFS. Accordingly, the Court denies as moot the motion in this case and will address Plaintiffs' arguments in a separate Order to be entered in CV-11-5111-EFS.

**C.   Dismissal**

On May 6, 2011, Wells Fargo filed its motion to dismiss, arguing that 1) Plaintiffs' claims are preempted by the Home Owner's Loan Act (HOLA), 12 U.S.C. §§ 1461 et seq., and its implementing regulations, 2) the Complaint fails to satisfy *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*'s, 550 U.S. 544, 570 (2007), requirements, and 3) a breach-of-contract claim fails under Washington law. Plaintiffs did not file their response to this motion until September 29, 2011. ECF No. 54.

The Court declines to address Wells Fargo's preemption arguments because the Complaint simply fails to comply with Federal Rule of Civil Procedure 8's pleading requirements, as set forth in *Iqbal* and *Twombly*. The Complaint fails to include 1) a "statement of the grounds for the court's jurisdiction," 2) a "statement of the claim showing that the pleader is entitled to relief," and 3) a "demand for relief sought." Fed. R. Civ. P. 8(a). Typically, leave to amend is granted to allow a *pro se* plaintiff to correct pleading deficiencies. Plaintiffs have made

ORDER ~ 3

clear through both their filings and Mr. Garcia's oral representations, however, that they do not seek to amend the Complaint. Rather, at this time, Plaintiffs prefer to limit their legal involvement with Wells Fargo to the unlawful detainer action filed by Wells Fargo in Walla Walla County Superior Court, Case No. 11-2-00450-4. Accordingly, the Court grants Wells Fargo's motion to dismiss because the Complaint's allegations are insufficient under Rule 8(a). Under the circumstances, the Court dismisses this lawsuit without prejudice.

**D. Conclusion**

For the reasons given above, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion to Recuse Judge Shea, **ECF No. 55**, is **DENIED**.

2. Plaintiffs' Motion to Deny Defendant's Notice of Removal, **ECF No. 58**, is **DENIED AS MOOT**.

3. Wells Fargo's Motion to Dismiss, **ECF No. 22**, is **GRANTED** (dismissal) **and DENIED** (without prejudice) **IN PART**.

4. All other pending motions, hearings, and deadlines are **STRICKEN**.

5. Judgment is to be entered in Wells Fargo's favor without prejudice.

6. This file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to Plaintiffs and counsel.

**DATED** this ___7th___ day of October 2011.

                         S/ Edward F. Shea
                         EDWARD F. SHEA
                         United States District Judge

Q:\Civil\2010\5146.oct.2011.dismiss.lc1.wpd

ORDER ~ 4